JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-T78O)
Assistant United States Attorney
Chief, Tax Division
DAVID L. DENIER (CSBN 95024)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:  (415) 436-6888
 Fax:           (415) 436-6748

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO.  C-07-04632-JSW |
| ) | |
| Plaintiff, ) | |
| ) | **UNITED STATES' NOTICE OF** |
| v. ) | **MOTION FOR DEFAULT** |
| ) | **JUDGMENT AND MEMORANDUM** |
| MARVIN K. MOSS and ) | **OF POINTS AND AUTHORITIES IN** |
| MARJORIE MOSS, ) | **SUPPORT THEREOF** |
| ) | |
| Defendants. ) | DATE:    APRIL 11, 2008 |
| ) | TIME:     9:00 A.M. |

### NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT

PLEASE TAKE NOTICE that the United States of America will and hereby does move for a default judgments against Marvin K. Moss and Marjorie Moss.

This Motion will be heard by the Honorable Jeffrey S. White, United States District Judge on April 11, 2008, at 9:00 a.m., in Courtroom 2 of the San Francisco Division of the above-captioned Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102.

The Motion is made pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Civil Local Rule 7 and is based on the Notice of Motion and Memorandum of Points and Authorities contained herein, the Declarations of David L. Denier and Michael Norris, the Proposed Default Judgments filed herewith, the papers and pleadings on file in this action, such

oral and documentary evidence as may be presented at the hearing, if any, on the Motion, and any other matters which this Court may wish to consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Marvin K. Moss was assessed with federal income tax liabilities for the taxable years 1993, 1994, 1996, 1997, 1998, 1999, 2000 and 2001. The total unpaid balance of taxes, interest and statutory additions, including accruals to April 11, 2008, is $306,187.48. Marjorie Moss was assessed with federal income tax liabilities for the taxable years 1993 and 1994. The total unpaid balance of taxes, interest and statutory additions, including accruals to April 11, 2008, is $11,159.96. On September 7, 2007, the United States of America filed a complaint against Marvin K. Moss and Marjorie Moss to reduce those assessments to judgment. Defendants Marvin K. Moss and Marjorie Moss having failed to answer the Complaint, defaults were entered against each of them on January 18, 2008. The United States now seeks the entry of default judgments against defendants Marvin K. Moss and Marjorie Moss.

### II. STATEMENT OF FACTS

The Internal Revenue Service made assessments against Marvin K. Moss for his unpaid federal income tax liabilities for the years 1993, 1994, 1996, 1997, 1998, 1999, 2000 and 2001. (See Certificates of Assessments and Payments attached as Exhibits 1 through 8 to the Declaration of David L. Denier (hereinafter "Denier Decl.")) Computing interest and statutory additions to April 11, 2008, the balance for each income tax year is as follows:

| TAX YEAR/ TYPE OF TAX | BALANCE DUE AS OF APRIL 11, 2008 |
|---|---|
| 1993/Income | $ 42,554.37 |
| 1994/Income | $ 9,367.87 |
| 1996/Income | $ 40,205.03 |
| 1997/Income | $ 33,976.64 |
| 1998/Income | $ 72,440.63 |
| 1999/Income | $ 98,177.19 |
| 2001/Income | $ 992.55 |
| Total | $306,187.48 |

Not. & Mot. For Default Judgmt
(No. C-07-04632-JSW)                            2

(Norris Decl. ¶ 3) Interest and statutory additions will continue to accrue on such unpaid amount until it is fully paid.

The Internal Revenue Service made assessments against Marjorie Moss for her unpaid federal income tax liabilities for the years 1993 and 1994. (Denier Decl. ¶ 7, Exhibits 9 and 10) Computing interest and statutory additions to April 11, 2008, the balance for each income ta year is as follows:

| TAX YEAR/ TYPE OF TAX | BALANCE DUE AS OF APRIL 11, 2008 |
|---|---|
| 1993/Income | $    189.25 |
| 1994/Income | $10,970.71 |
| Total | $11,159.96 |

(Norris Decl. ¶ 4) Interest and statutory additions will continue to accrue on such unpaid amount until it is fully paid.[1]

The United States commenced this action on September 7, 2007, against Marvin K. Moss and Marjorie Moss, by filing a complaint to reduce the tax assessments to judgment. Summonses on the complaint were issued by the Clerk of the Court to Marvin K. Moss and Marjorie Moss on September 7, 2008. Marvin K. Moss was personally served with copies of a Summons In A Civil Case and the Complaint in this case by leaving said documents with Marjorie Moss at 60 Riverside Court, Pittsburg, CA 94565, the dwelling house or usual place of abode of Marvin K. Moss, on September 12, 2007. (Decl. of Mark Claybrooks filed 12/18/07, ¶ 2) Marjorie Moss was personally served with copies of a Summons In A Civil Case and the Complaint in this case by hand-delivering said documents to Marjorie Moss at 60 Riverside Court, Pittsburg, CA 94565, on September 12, 2007. (Decl. of Mark Claybrooks filed 12/18/07, ¶ 3) Defendants Marvin K. Moss and Marjorie Moss have failed to answer the complaint. Consequently, the United States requested entry of the defaults of Marvin K. Moss and Marjorie

---

[1] The IRS has collected various amounts through subsequent payments and levies resulting in full payment of the assessments made against Marjorie Moss's for 1993. However, there remains a small amount of accrued interest, $189.25, due and owing. (Denier Decl. ¶ 8, Ex. 9; Norris Decl. ¶ 4)

Not. & Mot. For Default Judgmt
 (No. C-07-04632-JSW)                                         3

1  Moss, which were entered by the Clerk of the Court on January 18, 2008.

## III. THE UNITED STATES IS ENTITLED TO DEFAULT JUDGMENT AGAINST MARVIN K. MOSS AND MARJORIE MOSS

### A. Introduction

Actions to reduce assessments to judgment are explicitly authorized under Sections 7401 and 7402 of the Internal Revenue Code of 1986 (26 U.S.C.). *Caleshu v. United States*, 570 F.2d 711, 713 (8th Cir. 1978). A court proceeding to obtain a judgment for unpaid tax assessments must be instituted within ten years after assessment or prior to the expiration of any period for collection agreed upon in writing by the taxpayer and the Internal Revenue Service. 26 U.S.C. § 6502(a)(1). As reflected on the Certificates of Assessments and Payments, the earliest tax assessment in this case occurred on September 15, 1997, within ten years from the date this suit was brought against Marvin K. Moss and Marjorie Moss. (Denier Decl. ¶¶ 7 and 8, Exs. 1 - 10) Accordingly, this action was timely filed on September 7, 2007, for all taxable years in suit.

### B. The Court Should Enter Default Judgments Against Marvin K. Moss and Marjorie Moss

Defaults were entered by the Clerk of the Court against defendants Marvin K. Moss and Marjorie Moss on January 18, 2008, for their failure to answer the Complaint. Despite the entry of defaults against them, defendants Marvin K. Moss and Marjorie Moss have yet to defend this suit. Thus, this court should enter default judgment against them. Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that in cases such as this where "to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper . . . ." Since the tax liabilities of defendants Marvin K. Moss and Marjorie Moss are clearly established by the Certificate of Assessments and Payments, the Court may enter judgment for such liabilities. (Denier Decl. ¶¶ 7 and 8, Exs. 1 - 10)

///

///

**C.   The Assessments Against Marvin K. Moss And Marjorie Moss Are Established by the Certificates of Assessments and Payments**

This suit against defendant Marvin K. Moss is based upon the assessments made against him for unpaid federal income taxes, statutory additions, and interest for the taxable years 1993, 1994, 1996, 1997, 1998, 1999, 2000 and 2001, as reflected on the Certificate of Assessments and Payments. (Denier Decl. ¶ 7, Exs. 1 - 8)  This suit against defendant Marjorie Moss is based upon the assessments made against her for unpaid federal income taxes, statutory additions, and interest for the taxable years 1993 and 1994, as reflected on the Certificate of Assessments and Payments. (Denier Decl.¶ 8, Exs. 9 - 10)

A Certificate of Assessments and Payments is admissible into evidence pursuant to Rules 803(8) and 902(4) of the Federal Rules of Evidence and is the proper means of establishing the facts of the administrative assessment, notice, and demand for payment. *United States v. Lorsen Electric Co.*, 480 F.2d 554, 555-56 (2d Cir. 1973); *United States v. Strebler*, 313 F.2d 402, 403-04 (8th Cir. 1963). An assessment for unpaid federal taxes, when properly certified, is presumptively correct evidence of a taxpayer's liability and satisfies the government's burden of proof so that the United States may rest its case. *United States v. Janis*, 428 U.S. 433, 440-41 (1976); *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *Rockwell v. Commissioner*, 512 F.2d 882, 885 (9th Cir. 1975), *cert. denied*, 423 U.S. 1015 (1975). The defendant taxpayer must then come forward with enough evidence to support a contrary finding to the IRS's determination. *Rockwell*, 512 F.2d at 885. After satisfying the procedural burden of producing evidence to rebut the presumption in favor of the IRS, the taxpayer must still carry the ultimate burden of proof or persuasion. *Id*.

In the present case, the Certificates of Assessments and Payments for Marvin K. Moss establish that the assessments were made, that notice and demand was made on Marvin K. Moss for his tax liabilities, and that he has failed to pay those tax liabilities. (Denier Decl. ¶ 7, Exs. 1 - 8) The United States has thus established its entitlement to default judgment.

Similarly, the Certificates of Assessments and Payments for Marjorie Moss establish that the assessments were made, that notice and demand was made on Marjorie Moss for her tax

liabilities, and that she has failed to pay all of those tax liabilities. (Denier Decl.¶ 8, Exs. 9 - 10) The United States has thus established its entitlement to default judgment.

**IV.    CONCLUSION**

For the foregoing reasons, default judgments should be entered against Marvin K. Moss and Marjorie Moss.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


/s/ David L. Denier
DAVID L. DENIER
Assistant United States Attorney
Tax Division

# CERTIFICATE OF SERVICE

I, KATHY P. TAT declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**UNITED STATES' NOTICE OF MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DEFAULT JUDGMENT AGAINST MARJORIE MOSS; DEFAULT JUDGMENT AGAINST MARVIN K. MOSS; DECLARATION OF DAVID L. DENIER IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST MARVIN K. MOSS AND MARJORIE MOSS; and DECLARATION OF MICHAEL NORRIS IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST MARVIN K. MOSS AND MARJORIE MOSS**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___ FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ FACSIMILE (FAX) No.: _____

to the parties addressed as follows:

MARVIN K. MOSS
60 RIVERSIDE COURT
PITTSBURG, CA 94565

MARJORIE MOSS
60 RIVERSIDE COURT
PITTSBURG, CA 94565

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 27, 2008 at San Francisco, California.

/s/ Kathy Tat
KATHY P. TAT
Legal Assistant