JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-T78O)
Assistant United States Attorney
Chief, Tax Division
DAVID L. DENIER (CSBN 95024)
Assistant United States Attorney
  9th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone:  (415) 436-6888
  Fax:            (415) 436-6748

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO.   C-07-04632-JSW |
| ) | |
| Plaintiff, ) | |
| ) | DEFAULT JUDGMENT AGAINST |
| v. ) | MARVIN K. MOSS |
| ) | |
| MARVIN K. MOSS and ) | |
| MARJORIE MOSS, ) | |
| ) | |
| Defendants. ) | |

   The United States' Motion for Default Judgment came before the Court for hearing on April 11, 2008.  Present at the hearing was David L. Denier for the United States of America. Defendant Marvin K. Moss did not appear or file any documents in response to the Motion.

   The factors the Court may consider in determining whether to enter default judgment under Federal Rule of Civil Procedure 55(b) include: (1) The possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)(*citing*, 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).  The Court has considered each of these factors and finds that they weigh in

favor of the entry of a default judgment.

First, not entering a default judgment under the circumstances of this case would prejudice the United States.  The defendant, Marvin K. Moss, has chosen not to respond to the United States' Complaint and Motion for Default Judgment.  As such, it is unlikely that he would defend against this action were default judgment not entered against him, and the case were to proceed to trial.  Further litigation would cause an unnecessary expenditure of time and resources for the United States.  The Court finds that such expenditure would be prejudicial to the United States.

Second, from the pleadings submitted to the Court, it appears that the United States' claim is meritorious. The United States assessed income tax liabilities for years 1993, 1994, 1996, 1997, 1998, 1999, 2000 and 2001, in amounts reflected in Certificates of Assessments and Payments, provided Marvin K. Moss with notice of those assessments, and made demands for payment of the taxes to Marvin K. Moss.  Despite the demands for payment, Marvin K. Moss has failed or refused to pay his taxes.  Marvin K. Moss has failed to answer the Complaint and has failed to respond to the United States' Motion for Default Judgment.  As such, there is no evidence to suggest that the United States' claim is improper or incorrect.  Under these circumstances, the Court finds that the United States' claim is meritorious.

Third, the United States' Complaint to Reduce Assessments to Judgment appears to be sufficient.  It cites the Court's jurisdiction over this action, details Marvin K. Moss's liability for the taxes, the notices provided, the assessments made, and the demands for payment, and cites the relevant statutory authority for the relief requested.  The Court finds that the United States' Complaint is sufficient.

Fourth, in support of its Motion, the United States provided the Court with Certificates of Assessments and Payments to establish the amount of Marvin K. Moss's outstanding federal income tax liabilities.  Marvin K. Moss has not disputed the amount of his tax liabilities.  The Court finds that the amount of money at issue in this action, $306,187.48, as of April 11, 2008, with interest and statutory additions continuing to accrue until fully paid, warrants entry of default judgment against Marvin K. Moss.

Fifth, Marvin K. Moss has had every opportunity to defend against this action, in response to both the Complaint and the Motion for Default Judgment; he has chosen not to do so. As stated above, under these circumstances, it is unlikely that Marvin K. Moss will choose to defend against this action.  As such, the Court finds that there is little possibility, if any, that there will be a dispute concerning material facts.

Sixth, it is clear that Marvin K. Moss's default was not due to excusable neglect.  Marvin K. Moss was served with copies of the Summons and Complaint and was served with the United States' Motion for Entry of Default Judgment.  Marvin K. Moss has chosen not to respond to either the Complaint or the Motion, despite having ample opportunity to do so.  The Court finds no excusable neglect.

Seventh, the court is cognizant of the strong policy favoring decisions on the merits.  Yet, under the circumstances of this case, and in light of the United States' pleadings and proffers to the Court set forth in its pleadings, which reflect a meritorious claim, the Court finds that it is likely that a decision on the merits would result in effectively the same outcome as the default judgment entered here.

For these reasons and the Court having reviewed the default entered against Marvin K. Moss on January 18, 2008, by the Clerk of the Court for his failure to respond to the Complaint, the pleadings on file in this action, and for good cause appearing, IT IS HEREBY ORDERED,

1. That plaintiff United States of America shall have judgment against Marvin K. Moss for his 1993 personal Federal income taxes in the amount of $42,554.37, which includes tax, interest and statutory additions accrued as of April 11, 2008, plus any additional statutory interest and accruals thereon from and after April 11, 2008, until fully paid, pursuant to 26 U.S.C. § 6621.

2. That plaintiff United States of America shall have judgment against Marvin K. Moss for his 1994 personal Federal income taxes in the amount of $9,367.87, which includes tax, interest and statutory additions accrued as of April 11, 2008, plus any additional statutory interest and accruals thereon from and after April 11, 2008, until fully paid, pursuant to 26 U.S.C. § 6621.

3. That plaintiff United States of America shall have judgment against Marvin K. Moss for his 1996 personal Federal income taxes in the amount of $40,205.03, which includes tax, interest and statutory additions accrued as of April 11, 2008, plus any additional statutory interest and accruals thereon from and after April 11, 2008, until fully paid, pursuant to 26 U.S.C. § 6621.

4. That plaintiff United States of America shall have judgment against Marvin K. Moss for his 1997 personal Federal income taxes in the amount of $33,976.64, which includes tax, interest and statutory additions accrued as of April 11, 2008, plus any additional statutory interest and accruals thereon from and after April 11, 2008, until fully paid, pursuant to 26 U.S.C. § 6621.

5. That plaintiff United States of America shall have judgment against Marvin K. Moss for his 1998 personal Federal income taxes in the amount of $72,440.63, which includes tax, interest and statutory additions accrued as of April 11, 2008, plus any additional statutory interest and accruals thereon from and after April 11, 2008, until fully paid, pursuant to 26 U.S.C. § 6621.

6. That plaintiff United States of America shall have judgment against Marvin K. Moss for his 1999 personal Federal income taxes in the amount of $98,177.19, which includes tax, interest and statutory additions accrued as of April 11, 2008, plus any additional statutory interest and accruals thereon from and after April 11, 2008, until fully paid, pursuant to 26 U.S.C. § 6621.

7. That plaintiff United States of America shall have judgment against Marvin K. Moss for his 2000 personal Federal income taxes in the amount of $8,473.20, which includes tax, interest and statutory additions accrued as of April 11, 2008, plus any additional statutory interest and accruals thereon from and after April 11, 2008, until fully paid, pursuant to 26 U.S.C. § 6621.

8. That plaintiff United States of America shall have judgment against Marvin K. Moss for his 2001 personal Federal income taxes in the amount of $992.55, which includes tax, interest and statutory additions accrued as of April 11, 2008, plus any additional statutory interest

1  and accruals thereon from and after April 11, 2008, until fully paid, pursuant to 26 U.S.C. §
2  6621.
3
4       DATED this _____ day of _____, 2008.
5
6
7                                           _____
                                            JEFFERY S. WHITE
                                            United States District Judge
8