**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>MARTIN K. MOSS, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-07-4632 JSW (EMC)<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Docket No. 12)** |

    Plaintiff United States of America filed suit against Defendants Marvin K. Moss and Marjorie Moss. After the Mosses failed to answer or otherwise respond to the complaint, the United States asked for entry of default. *See* Docket No. 7. Default was entered as to both Defendants on January 18, 2008. *See* Docket No. 9. Having considered the United States's motion for default judgment, the accompanying submissions, and all other evidence of record, the Court hereby recommends that the motion be granted.

## I. FACTUAL & PROCEDURAL BACKGROUND

    On September 7, 2007, the United States filed a complaint against the Mosses. *See* Docket No. 1. In the complaint, the United States alleges that both Defendants have outstanding federal tax assessments. *See* Compl. ¶ 1. More specifically, Mr. Moss has unpaid federal income taxes, penalties, and interest for the years 1993-1994 and 1996-2001. *See* Compl. ¶ 8. Ms. Moss has unpaid federal incomes taxes, penalties, and interest for the years 1993-1994. *See* Compl. ¶ 11. According to the United States, despite timely notice and demand, the Mosses neglected, failed, or refused to pay the assessments owed. *See* Compl. ¶¶ 9, 12. With the instant lawsuit, the United

1  States seeks to have the Court determine and adjudge that the Mosses are indebted to the United
2  States for the unpaid assessments. *See* Compl. at 3.
3        On September 12, 2007, an officer of the IRS served a copy of the summons and complaint
4  on Mr. Moss by leaving the documents with Ms. Moss at the dwelling house or usual place abode of
5  Mr. Moss. *See* Claybrooks Decl. ¶ 2. The same officer also served a copy of the summons and
6  complaint on Ms. Moss directly by hand delivery. *See id.* ¶ 3.
7        Some three months later, the United States asked for entry of default as the Mosses had
8  failed to respond to the complaint. *See* Docket No. 7. A copy of the request for entry of default was
9  served on the Mosses. Default was entered a month later, on January 18, 2008, *see* Docket No. 9,
10  and there after the United States filed the currently pending motion for default judgment.

## II.   DISCUSSION

A.   Service of Process

To grant or deny a default judgment, a court must first "assess the adequacy of the service of process on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). Federal Rule of Civil Procedure 4(e) governs service of process on individuals within the United States. Under the rule, service may be effected by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Therefore, service on Ms. Moss was proper. Service may also be effected by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). The Claybrooks declaration indicates that the Ms. Moss was served with the papers for Mr. Moss at Mr. Moss's dwelling house or usual place of abode. *See* Claybrooks Decl. ¶ 3. Because it is reasonable to infer that Ms. Moss is a person of suitable age and discretion who resides there, the Court concludes that service was also proper with respect to Mr. Moss.

B.   Default Judgment and *Eitel* Factors

After entry of a default, a court may grant a default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. A default judgment may not be entered, however, against an infant or incompetent person unless represented in the action by a general guardian or other such representative who has appeared. *See id.* Furthermore, a default judgment may not be entered against an individual in military service until after the court appoints an attorney to represent the defendant. *See* 50 U.S.C. App. § 521. In the instant case, there is no evidence indicating that either of the Mosses is an infant, incompetent person, or a person in military service. Accordingly, the Court may consider whether a default judgment may be entered against each.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, the factual allegations of the plaintiff's complaint will be taken as true, except for those relating to the amount of damages. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

The majority of the *Eitel* factors weigh in favor of default judgment. For example, if the motion for default judgment were to be denied, then the United States would likely be left without a remedy. *See Walters v. Shaw/Guehnemann Corp.*, No. C 03-04058 WHA, 2004 U.S. Dist. LEXIS 11992, at *7 (N.D. Cal. Apr. 15, 2004) ("To deny plaintiffs' motion [for default judgment] would leave them without a remedy. Prejudice is also likely in light of the merits of their claim."); *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Also, the sum of money at stake in the action is appropriate -- tailored to the specific misconduct of the Mosses. *See id.* at 1176 (stating that "the court must consider the amount of money at stake in

3

**United States District Court**
For the Northern District of California

1  relation to the seriousness of Defendant's conduct"). In addition, because the Mosses have not filed
2  an answer to the complaint, there is little to suggest that there is a possibility of a dispute concerning
3  material facts, and it is unlikely that the Mosses' default was due to excusable neglect, especially
4  when they were served with not only the summons and complaint but also the request for entry of
5  default and motion for default judgment but still failed to respond. *See* Docket No. 7, 12. Finally,
6  the United States has adequately stated a claim for relief against the Mosses. *See Pepsico*, 238 F.
7  Supp. 2d at 1175 (noting that, under the second and third *Eitel* factors, a court evaluates whether a
8  plaintiff has adequately stated a claim on which he or she may recover). "Pursuant to 26 U.S.C. §
9  7402(a), the United States can bring an action to obtain a judgment in order to enforce the internal
10 revenue laws." *United States v. Suganuma*, No. 07-00320 DAE LEK, 2008 U.S. Dist. LEXIS
11 20885, at *7 (D. Haw. Feb. 14, 2008); *see also* 26 U.S.C. § 7402(a) (providing that "[t]he district
12 courts of the United States at the instance of the United States shall have such jurisdiction . . . to
13 render such judgments and decrees as may be necessary or appropriate for the enforcement of the
14 internal revenue laws"). In the instant case, the United States has alleged that, despite timely notice
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

and demand,[1] the Mosses neglected, failed, or refused to pay the assessments owed. *See* Compl. ¶¶ 9, 12. Accordingly, the United States is entitled to reduce the assessments to judgment.

C. <u>Damages</u>

Because default judgment is warranted, the Court must determine what damages are appropriate. The United States has the burden of "proving up" its damages. *See Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.,* No. 04-02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005) ("Plaintiff has the burden of proving damages through testimony or written affidavit.").

In the instant case, the United States has submitted certificates of assessments for Mr. Moss for the years 1993-1994 and 1996-2001, *see* Denier Decl., Exs. 1-8, and certificates of assessments for Ms. Moss for the years 1993-1994. *See id.*, Exs. 9-10. In addition to the certificates of

---

[1] Although the United States has alleged that it made timely notice and demand, and the Mosses have not made an appearance to contest this allegation, the Court briefly addresses the issue of whether or not there may be a statute-of-limitations defense.

Under 26 U.SC. § 6501(a), the IRS has three years after the filing of a return within which to assess the amount of tax. *See* 26 U.S.C. § 6501(a) ("Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) . . . ."). Then, under § 6502(a), the IRS has ten years after the assessment to collect the tax via a court proceeding. *See id.* § 6502(a)(1) ("Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun . . . within 10 years after the assessment of the tax . . . ."). "In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." *Id.* § 6501(c)(3).

As the United States notes, the certificates of assessments reflect that the earliest assessments with respect to the Mosses occurred on September 15, 1997 -- *i.e.*, within ten years from the date this lawsuit was brought against the Mosses. Thus, the United States has satisfied the statute of limitations provided for by § 6502(a). As for the statute of limitations provided for by § 6501(a), it appears that the IRS filed substitutes for returns for the Mosses during the tax years at issue, and therefore the limitations period has not yet begun to run. *See id.* § 6501(b)(3) (stating that "the execution of a return by the Secretary pursuant to the authority conferred by such section shall not start the running of the period of limitations on assessment and collection"); *United States v. McCarville*, No. 01-C-787, 2003 U.S. Dist. LEXIS 17349, at *12-13 (E.D. Wisc. Aug. 21, 2003) (noting that, under 26 U.S.C. § 6501(a), the IRS has three years after the filing of a return within which to assess the amount of tax but that, under § 6501(b)(3), "the execution of a substitute return by the Secretary pursuant to § 6020(b) does not start the running of the statute of limitations period for assessment and collection"); *Johnson v. IRS*, 888 F. Supp. 1495, 1505 (C.D. Cal. 1994) (noting that, pursuant to § 6501(b)(3), the IRS's preparation of a substitute return for plaintiff had "no effect upon the statute of limitations for assessment"). In any event, in every instance (with the possible exception of the 1993 tax year), the assessments were clearly made within three years of the end of the taxable year assessed.

assessments, the United States has provided a declaration from an IRS employee, Michael Norris, who calculated the balance due from each of the Mosses, effective April 11, 2008. *See* Norris Decl. ¶ 2. According to Mr. Norris, computing interest and statutory additions to tax to April 11, 2008, the balance for Mr. Moss is $306,187.48. *See id.* ¶ 3. Computing interest and statutory additions to tax to April 11, 2008, the balance for Ms. Moss is $11,159.96. *See id.* ¶ 4.

The Court finds that the above evidence is sufficient proof of the damages claimed. Certificates of assessments are the proper means for establishing the facts of the administrative assessment, amounts of the assessments, and notice and demand for payment. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (stating that a Form 4340 certificate of assessment "is probative evidence in and of itself and, 'in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made'"); *Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1991) (noting that Forms 4340 qualify as public records under Federal Rule of Evidence 803(8)). Through the Norris declaration, the United States has also properly established the accruals. Because the United States has met its burden of proof, the Mosses as taxpayers must prove that the government's determinations and assessments of liabilities are incorrect. *See Palmer v. United States IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (stating that, "[i]n an action to collect taxes, the government bears the initial burden of proof" and that "[t]he Commissioner's deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation"; adding that then "[t]he presumption shifts the burden of proof to the taxpayers to show that the determination is incorrect"). As the Mosses have failed to make an appearance, there is no evidence to refute the United States's evidence. Accordingly, the damages sought by the United States should be awarded.

### III.   **RECOMMENDATION**

For the foregoing reasons, the Court recommends that judgment should be entered against Mr. Moss, and in favor of the United States, for unpaid federal income taxes for the 1993-1994 and 1996-2001 tax years, calculated through April 11, 2008, in the amount of $306,187.48. The Court further recommends that judgment should be entered against Ms. Moss, and in favor of the United

States, for unpaid federal income taxes for the 1993-1994 tax years, calculated through April 11, 2008, in the amount of $11,159.96.

Any party may file objections to this report and recommendation with the district judge within ten days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

Dated: April 2, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge