1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  THOMAS MOORE (ASBN 4305-T78O)
   Assistant United States Attorney
3  Chief, Tax Division
   DAVID L. DENIER (CSBN 95024)
4  Assistant United States Attorney
    9th Floor Federal Building
5   450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
6   Telephone:  (415) 436-6888
    Fax:         (415) 436-6748
7
   Attorneys for the United States of America
8

9          IN THE UNITED STATES DISTRICT COURT FOR THE

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  UNITED STATES OF AMERICA,            )    NO.   C-07-04632-JSW
                                         )
13          Plaintiff,                   )
                                         )
14      v.                               )    UNITED STATES' RESPONSE
                                         )    TO DEFENDANTS' LETTER
15  MARVIN K. MOSS and                   )    FILED APRIL 10, 2008
    MARJORIE MOSS,                       )
16                                       )
            Defendants.                  )
17  _____     )

18        For the tax years 1993, 1994, 1996, 1997, 1998, 1999, 2000 and 2001, defendant Marvin

19  K. Moss failed to file federal income tax returns.  Pursuant to 26 U.S.C. § 6020(b), a delegate of

20  the Secretary of Treasury prepared substitute returns for Marvin Moss for each of those years

21  based upon the information available to the Internal Revenue Service.  (Denier Decl. ¶ 7, Exs. 1-

22  8, filed 2/27/08)  Assessments were made for each of those tax years and notices of said

23  assessments, together with demands for payment, were issued to Marvin K. Moss.  (Denier Decl.

24  ¶ 7, Exs. 1-8, filed 2/27/08).

25        For the tax years 1993 and 1994, defendant Marjorie Moss failed to file federal income

26  tax returns.  Pursuant to 26 U.S.C. § 6020(b), a delegate of the Secretary of Treasury prepared

27  substitute for returns for Marjorie Moss for those tax years based upon the information available

28  to the Internal Revenue Service.  (Denier Decl. ¶ 8, Exs. 9 and 10, filed 2/27/08)  Assessments

1   were made for each of those tax years and notices of said assessments, together with demands for

2   payment, were issued to Marjorie Moss.  (Denier Decl. ¶ 8, Exs. 9 and 10, filed 2/27/08).

3        The United States was compelled to filed this suit to reduce assessments to judgment

4   because the statute of limitations on the collection of some of the tax assessments was due to

5   expire on September 15, 2007.  See 26 U.S.C. § 6502(a).  The defendants representation in their

6   April 9, 2008 letter that they "have retained an accountant/cpa for the sole purpose of filing our

7   back tax returns" is disingenuous.[1/]  The time for filing the income tax returns at issue is long

8   passed.  By this action, the United States seeks to reduce to judgment the assessments made

9   against the defendants pursuant to the substitute for returns.

10       The motion for default judgment against defendant Marvin K. Moss is based upon the

11  assessments made against him for unpaid federal income taxes, statutory additions, and interest

12  for the taxable years 1993, 1994, 1996, 1997, 1998, 1999, 2000 and 2001, as reflected on the

13  Certificate of Assessments and Payments.  (Denier Decl. ¶ 7, Exs. 1 - 8, filed 2/27/08)   The

14  motion for default judgment against defendant Marjorie Moss is based upon the assessments

15  made against her for unpaid federal income taxes, statutory additions, and interest for the taxable

16  years 1993 and 1994, as reflected on the Certificate of Assessments and Payments.  (Denier

17  Decl.¶ 8, Exs. 9 - 10, filed 2/27/08)

18       A Certificate of Assessments and Payments is admissible into evidence pursuant to Rules

19  803(8) and 902(4) of the Federal Rules of Evidence and is the proper means of establishing the

20  facts of the administrative assessment, notice, and demand for payment.  *United States v. Lorsen*

21  *Electric Co.*, 480 F.2d 554, 555-56 (2d Cir. 1973);  *United States v. Strebler*, 313 F.2d 402, 403-

22  04 (8th Cir. 1963).  An assessment for unpaid federal taxes, when properly certified, is

23  presumptively correct evidence of a taxpayer's liability and satisfies the government's burden of

24  proof so that the United States may rest its case.  *United States v. Janis*, 428 U.S. 433, 440-41

25  (1976); *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *Rockwell v. Commissioner*, 512 F.2d 882,

26

27       [1/]      Defendant Marvin Moss states: "My accountant was going to write a letter to this
    effect, however because of the unusual demand for his services this time of the year and the
28  difficulty with my returns, he could not complete the letter until next Thursday April 17, 2008."
    The government has yet to receive a copy of a letter from the defendants' accountant.

1    885 (9th Cir. 1975), *cert. denied*, 423 U.S. 1015 (1975).  The defendant taxpayer must then come

2    forward with enough evidence to support a contrary finding to the IRS's determination.

3    *Rockwell*, 512 F.2d at 885.  After satisfying the procedural burden of producing evidence to rebut

4    the presumption in favor of the IRS, the taxpayer must still carry the ultimate burden of proof or

5    persuasion.  *Id*.

6         If the defendants disagree with the tax assessments made against them, they must come

7    forward with enough evidence to support a contrary finding to the IRS's determination.  Such

8    evidence would logically consist of documentation (or other evidence) of income, deductions,

9    exemptions and credits of each tax year demonstrating that they do not owe the income taxes in

10   the amounts assessed by the IRS.   Alternatively, if the defendants have some other factual or

11   legal basis for there contention that they do not a owe the tax liabilities assessed against them,

12   they should present it.  Absent the presentation of such evidence or argument, the assessments

13   made by the IRS are presumptively correct.  If the defendants produce evidence rebutting the

14   presumption, the case should proceed to trial on the merits.

15        The government suggests that the defendants be allowed a reasonable amount of time to

16   produce any evidence or arguments they may have to dispute the IRS's assessments.  Once the

17   defendants have made their submission, the court may determine whether they have rebutted the

18   presumption.

19
20                                          Respectfully submitted,

21                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney
22

23   /s/ David L. Denier
     DAVID L. DENIER
     Assistant United States Attorney
24   Tax Division

25

26

27

28

CERTIFICATE OF SERVICE

I, <u>KATHY P. TAT</u> declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**UNITED STATES' RESPONSE TO DEFENDANTS' LETTER FILED APRIL 10, 2008**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___ FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ FACSIMILE (FAX) No.: _____

to the parties addressed as follows:

*MARVIN K. MOSS*
*60 RIVERSIDE COURT*
*PITTSBURG, CA 94565*

*MARJORIE MOSS*
*60 RIVERSIDE COURT*
*PITTSBURG, CA 94565*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on <u>April 25, 2008</u> at San Francisco, California.


/s/ Kathy Tat
<u>KATHY P. TAT</u>
Legal Assistant